UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- x
GLADYS GARCIA and ELSA MAYOR, : Civil Action No. 17-cv-03671
on behalf of themselves and others :
similarly situated, :
 :
       Plaintiffs, : **FLSA COLLECTIVE ACTION and**
 - against - : **RULE 23 CLASS ACTION**
 : **COMPLAINT**
COSITAS RICAS ECUATORIANAS :
CORP. d/b/a EL PEQUENO :
COFFEESHOP; CARLOS SEGARRA; : **Jury Trial Demanded**
LUZMILA SEGARRA; JUAN CARLOS :
SEGARRA; and LUIS CAGUANA :
 :
       Defendants :
------------------------------------------------- x

Plaintiffs GLADYS GARCIA and ELSA MAYOR (the "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through her attorney, Mohammed Gangat, Esq., files this Complaint against defendants COSITAS RICAS ECUATORIANAS CORP. d/b/a EL PEQUENO COFFEESHOP, CARLOS SEGARRA; LUZMILA SEGARRA; JUAN CARLOS SEGARRA; and LUIS CAGUANA.

## NATURE OF THE ACTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day he worked in excess of ten (10) hours; (3) damages for Defendants' illegal wage deductions and failure to reimburse

employees for the costs of purchasing and maintaining required work uniforms; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (5) prejudgment and post-judgment interest; and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffss state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendants resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are both residents of Queens County, New York.

6. Defendant Cositas Ricas Ecuatorianas Corp. d/b/a El Pequeno Coffeeshop (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 86-10 Roosevelt Avenue, Flushing, NY 11372.

7. Defendants Carlos Segarra, Luzmila Segarra, Juan Carlos Segarra and Luis Caguana (collectively, the "Individual Defendants") are the co- owners, shareholders, directors, supervisors, managing agents, and proprietors, the Corporate Defendant, who actively participate in the day-to-day operations of each the Corporate Defendant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the

Regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

8. The Individual Defendants exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

9. The Individual Defendants are present on the premises of the Corporate Defendants on a consistent basis, and actively supervise the work of the employees, including Plaintiff, and mandate that all issues concerning the employees' employment - including hours worked and pay received - be authorized and approved by them.

10. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant was, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of not less than $500,000.

11. Defendants continuously employed plaintiff Elsa Mayor in Queens County, New York to work as a non-exempt employee for Defendants' restaurant from in or about June 2016 until on or about February 5, 2017.

12. Defendants continuously employed plaintiff Gladys Garcia in Queens County, New York to work as a non-exempt employee for defendants' restaurant from in or about April 2015 until on or about February 5, 2017.

13. The work performed by Plaintiffs was directly essential to the businesses operated

by Defendants.

14. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

15. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17. Defendants knowingly and willfully made deductions to Plaintiffs' wages in direct contravention of the FLSA and New York Labor Law.

18. And, Defendants knowingly and willfully forced Plaintiffs to pay for the cost of purchasing and maintaining required work uniforms.

19. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20. Defendants Juan Carlos Segarra, Carlos Segarra and Luzmila Segarra are consistently present at the Corporate Defendant's business premises (*i.e.*, the restaurant) and actively participate in the day-to-day operation of the Corporate Defendant. Not only considered the bosses, they at times personally work alongside the employees in the restaurants to directly supervise and direct the work of the employees, including Plaintiffs, and instruct the employees on how to perform their jobs and correct them for errors made. All of these defendants must approve all crucial business decisions, including decisions as to the hours worked by the employees, the pay the employees are to receive, and whether employees are entitled to a pay

increase and, if so, the amount of the raise.

21. Upon information and belief, defendant Luis Caguana is an owner of the Corporate Defendant, exerts management control and together with the order defendants, is responsible for setting the terms and conditions of Plaintiffs' employment.

22. In or about April 2015, Defendants jointly decided to hire Plaintiff Gladys Garcia to work as a non-exempt employee of the restaurant owned and operated by the Defendants, known as El Pequeno Cofeeshop in Jackson Heights, NY.

23. In or about June 2016, Defendants jointly decided to hire Plaintiff Elsa Mayor to work as a non-exempt employee of the restaurant owned and operated by the Defendants, known as El Pequeno Cofeeshop in Jackson Heights, NY.

24. Plaintiffs were hired purportedly as waitresses.

25. In fact, Plaintiffs routinely did tasks having nothing to do with waiting tables, including spending more than two hours each workday performing duties such as cleaning the restaurant, selling bakery items at the bakery counter, processing carry-out and delivery orders, and stocking supplies in various stations throughout the restaurant.

26. These tasks were tasks for which Plaintiffs did not customarily receive tips.

27. Plaintiffs worked for the Defendants in that capacity until on or about February 5, 2017.

28. During the course of Plaintiffs' employment by Defendants, they worked over forty (40) hours per week.

29. Upon being hired plaintiff Gladys Garcia was instructed by Defendants to work and did in fact work a regular schedule consisting of five (5) days a week from 5:40 am through 4:10 pm, and occasionally as late as 4:30 pm.

30. Beginning on November 1, 2016, Ms. Garcia was instructed by Defendants to work and did in fact work a regular schedule consisting of five (5) days a week, on four of those days working from 6:10 am through 4:10, and on the fifth day from 3pm through 12 am.

31. On no less than nine workdays, Defendants required plaintiff Gladys Garcia to work, in addition to her regular schedule, an additional approximately 9 hours, which meant plaintiff's workday spanned almost the entire day—more than18 hours! On these occasions, Defendants paid Ms. Garcia double the amount they had agreed to and were in fact paying her for a day's work.

32. Upon being hired plaintiff Elsa Mayor was instructed by Defendants to work and did in fact work a regular schedule consisting of five (5) days a week from3pm through 12 am.

33. In addition to her regularly scheduled workdays, plaintiff Elsa Mayor was required to and did in fact work an additional day from 6am – 7:30 pm.

34. Defendants agreed to and did in fact pay Plaintiffs a flat rate of $40 per day.

35. Defendants deducted $5 from each day's wages on the basis that the plaintiffs were required this amount to the defendants as a "cleaning fee" for the bus service staff that worked at the restaurant.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each

day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

38. At all relevant times, upon information and belief, and during the course of Plaintiffs employment, the Defendants failed to maintain accurate and sufficient time and pay records.

39. Defendants did not furnish plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

40. Upon information and belief, defendants also failed to keep full and accurate records of Plaintiffs' hours and wages in violation of the New York Labor Law §§ 195, 661.

41. Defendants never informed Plaintiffs that they intended to take any tip credit as required by the New York Department of Labor Hospitality Industry Wage Order.

42. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

43. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since June 16, 2014, (the "Collective Action Period"), and who were

compensated: at rates less than the applicable minimum wage for straight time hours and at rates less than one-half times the applicable minimum wage for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

45. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

46. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

47. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

48. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

49. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether the Defendants failed to pay the Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

   f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

50. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

51. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

52. Plaintiffs sues on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

53. Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since June 16, 2011 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and were compensated: at rates less than the applicable minimum wage for straight time hours; at rates less than one-half times the applicable minimum wage for all hours worked in excess of forty (40) hours per workweek; and without the required "spread of hours" premium, all in violation of the New York Labor Law (the "Class"). Plaintiffs also bring on behalf of themselves and the Class state law claims for improper wage deductions and failure to reimburse employees for the cost of purchasing and maintaining required work uniforms.

54. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

55. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

56. The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

57. Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

58. Plaintiffs will fairly and adequately protect the interests of the NY Class members. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

59. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

60. Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs claims are typical of the Class.

61. There are questions of law and fact common to the Class which predominate over

any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether the Defendants employed Plaintiff sand the Class members within the meaning of the New York Labor Law;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants failed to pay the Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    e. Whether the Defendants failed to pay the Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

    f. Whether the Defendant made illegal deductions to the Plaintiffs' and the Class members' wages;

    g. Whether the Defendants violated New York Labor Law by failing to reimburse Plaintiffs and the Class members for the cost of purchasing and maintaining required work uniforms;

    h. Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

   i. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

## COUNT I

### [Violation of the Fair Labor Standards Act]

62. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "61" of this Complaint as if fully set forth herein.

63. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

64. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

65. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

66. Plaintiffs and the Collective Action Members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

67. Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

68. Defendants failed to pay Plaintiffs and the Collective Action Members minimum

wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

69. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

70. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one- half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum age and overtime compensation would financially injure Plaintiff and the Collective Action Members.

72. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members,

73. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

74. Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

75. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

76. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

77. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### [Violation of the New York Labor Law]

78. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "77" of this Complaint as if fully set forth herein.

79. Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

80. Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

81. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

82. Defendants knowingly and willfully violated the rights of Plaintiffs and the Class

members by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

83. Defendants required Plaintiffs and Class members to wear uniforms to work, which required daily cleaning, but Defendants did not reimburse Plaintiffs or the Class members for the cost of purchasing and maintaining those uniforms.

84. Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

85. Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

86. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

87. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

88. At the time of their hiring, Defendants failed to notify Plaintiff and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

89. Due to the Defendants' New York Labor Law violations, Plaintiff and the Class

members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reimbursement of all improper deductions and the cost of purchasing and maintaining required work uniforms, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

90. Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, GLADYS GARCIA and ELSA MAYOR, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

ii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

iii. An award for damages arising out of Defendants' illegal wage deductions and failure to reimburse employees for the cost of purchasing and maintaining required work uniforms;

iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

v. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium

       pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vi. An award of liquidated damages as a result of Defendants' illegal wage deductions and failure to reimburse employees for the cost of purchasing and maintaining required work uniforms

vii. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

viii. An award of prejudgment and post-judgment interest;

ix. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

x. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       June 16, 2017       **LAW OFFICE OF MOHAMMED GANGAT**

                                          By: _____
                                                 Mohammed Gangat, Esq.

                                          Mohammed Gangat, Esq. (mg3919)
                                          27005 79 Avenue
                                          New Hyde Park, NY 11040-1546
                                          Telephone: (646) 556-6112
                                          Facsimile: (646) 556-6113
                                          Email: mgangat@gangatllc.com